UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:16-cv-02285 |
| | ) | CHIEF JUDGE CRENSHAW |
| FIRST CLASS VACATIONS, INC., ET AL., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This small-value dispute under the Telephone Consumer Protection Act has a tortured history. Craig Cunningham brought suit *pro se* in August 2016 against Firefly Travel Corp. ("Firefly"), First Class Vacations, Inc. ("First Class"), Jeffrey Nahom, Rebecca Nahom, and Peter Tolman based upon alleged invasive and unauthorized telemarketing calls. (Doc. No. 1.) All Defendants were served except Tolman, who was eventually dropped from the case. (Doc. Nos. 8-11, 42-43.) However, none of the Defendants appeared or participated in the litigation. In January 2017, Jeffrey Nahom wrote to the Clerk of Court, advising that a "Settlement and Release Agreement" had been reached and stating that Cunningham had agreed to a general release of claims against "defendant." (Doc. No. 19 at 1.) This letter appeared to be sent by Nahom on behalf of himself as well as Firefly and First Class. (Id.) The letter attached a settlement agreement, which the court will discuss below.

In February 2017, the Clerk advised Nahom that he may not file documents on behalf of corporate defendants, and that Firefly and First Class had to retain an attorney if they wished to make filings with the Court. (Doc. No. 20.) Over the course of 2017, a series of events occurred:

(1) Cunningham repeatedly (but inartfully) sought to remove Jeffrey Nahom as a Defendant, (2) Cunningham sought and obtained Rule 50(a) default judgments from the Clerk as to Firefly, First Class, and Rebecca Nahom, (3) Cunningham moved for Rule 50(b) default judgments from the Court as to Firefly, First Class, and Rebecca Nahom, and (4) the Magistrate Judge held a hearing and took evidence as to the requested default judgments and Cunningham's damages. All of these events occurred with notice to the Defendants, and the Defendants did not appear, participate, or object in any way.

On March 1, 2018, the Magistrate Judge issued a Report and Recommendation in which he recommended that the Court grant the Rule 50(b) default judgments against Firefly, First Class, and Rebecca Nahom, and award Cunningham (1) $49,500 in statutory damages based on a calculation of $1,500 for each of thirty-three calls and (2) $510.00 in costs. (Doc. No. 46.) On March 15, 2018 – the final day to object – the Defendants appeared and filed "Objections to the Report and Recommendation and Motion for De Novo Review" (Doc. No. 49) (which the Court interprets as a Motion to Review pursuant to relevant rules), a Motion to Set Aside Default (which merely refers to the Motion to Review) (Doc. No. 50), and a Motion for Extension of Time to File Answer (Doc. No. 51). At the Court's request, Cunningham filed a consolidated response. (Doc. No. 58.)[1]

Under Federal Rule of Civil Procedure 55(c), the Court may set aside an entry of default for "good cause." The criteria used to determine whether good cause has been shown for purposes of granting a motion under Rule 55(c) are whether "(1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." O.J. Distributing, Inc. v. Hornell

---

[1] Cunningham also officially dismissed Jeffrey Nahom (in essence for the second time) from the case. (Doc. Nos. 56-57.) Because Jeffrey Nahom is no longer a Defendant in this case, the Court views Defendants' filings as if made only by Firefly, First Class, and Rebecca Nahom.

Brewing Co., Inc., 340 F.3d 345, 353 (6th Cir. 2003). It has been found that a district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward. See Shepard Claims Serv., Inc. v. William Darrah & Assoc., 796 F.2d 190, 193-94 (6th Cir. 1986).

First, the Court considers the "willfulness" factor. Defendants contend that they did not willfully cause the default because they believed – despite everything that occurred over the last year – that their action had been settled by the 2016 $1,000 "settlement agreement" between Jeffrey Nahom and Cunningham. Cunningham responds that the "settlement agreement" and his entire course of action reflects that while Jeffrey Nahom's liability was extinguished, Cunningham was pursuing his claims against the remaining Defendants. The record reflects that Firefly, First Class, and Rebecca Nahom willfully failed to appear and plead for an extended period of time. In January 2017, Jeffrey Nahom sent his letter to the Clerk regarding the "settlement agreement." But the other Defendants could not rely on that letter because (1) it was not from or purported to be on behalf of Rebecca Nahom, and (2) it was rejected by the Clerk to the extent it claimed to be on the behalf of Firefly and First Class on the explicit ground that only an attorney could speak for those corporate entities. (Doc. Nos. 19-20.)

But, more importantly, the "settlement agreement" referenced by Jeffrey Nahom in the January 2017 letter to the Clerk, and relied upon by the other Defendants now, clearly concerns only Jeffrey Nahom. Defendants' arguments to the contrary are wholly without merit. In construing a contract, the Court is to determine whether the language is ambiguous. Allstate Ins. Co. v Watson, 195 S.W.3d 609, 611 (Tenn. 2006). The "settlement agreement" is not ambiguous. It is exclusively between Cunningham and Jeffrey Nahom; there is no mention whatsoever of

3

claims against any other person, entity, or Defendant; and it explicitly discharges only claims

against Jeffrey Nahom. Moreover, several provisions of the agreement require Jeffrey Nahom to,

e.g., "provide continuing cooperation to Plaintiff . . . regarding this case," a clear indication that it

was not contemplated that the agreement would end Cunningham's action. (Doc. No. 19 at 24-25.)

Defendants' argument that the Court should ignore the first paragraph of the agreement because it

is a "preamble" is thoroughly unpersuasive. Rather than being mere "helpful" introductory

language, the first paragraph of the agreement contains crucial terms – i.e., the names of the parties

to the agreement and the consideration each party agreed to provide. Specifically, that paragraph

states that Cunningham "hereby forever releases, waives and discharges *Jeff Nahom*." (Id. at 24

(emphasis added).) If the language in the contract is clear and unambiguous, then the "literal

meaning controls the outcome of the dispute." Id.; City of Cookeville, Tn. v. Cookeville Reg'l

Med. Ctr., 126 S.W.3d 897, 903 (Tenn. 2004). Defendants' argument, therefore, that the

"settlement agreement" is "by its express terms" meant to be universal and "not limited by

defendant" is simply untenable.[2]

   In sum, Firefly, First Class, and Rebecca Nahom had no good faith basis to rely upon the

"settlement agreement" for the assumption that they did not need to participate in this litigation –

especially when this case continued for so long and reached the stage of a damages hearing against

them. But even if they planned an attempt to rely on that agreement, it was clearly their

responsibility to appear and do so during the pendency of this case, not after eighteen months, the

entry of two defaults, and the use of court resources to conduct and prepare a hearing and related

---

[2] Thus, the Court declines Defendant's invitation to just "dismiss Plaintiff's Complaint in full" based on the "settlement agreement." (Doc. No. 49 at 16.)

report and recommendation as to damages. Accordingly, the "willfulness" factor falls in favor of denial of the motion.

As to the second factor, prejudice to the plaintiff, delay alone is not a sufficient basis to sustain a default. However, Cunningham has been seeking to clarify and pursue his claims, via many motions and filings, against Firefly, First Class, and Rebecca Nahom for over a year, and received a stony cold silence in return. There is some inherent unfairness in forcing Cunningham to re-live this long-running case on the very footing that Cunningham has been expending time and energy to pursue since 2016. As one specific example, Cunningham had to prepare evidence and participate in a damages hearing process – something he may have to do again and in a different manner if Defendants begin to litigate the case. Accordingly, the Court finds that the "prejudice to plaintiff" factor is neutral.

This leaves the "meritorious defense" factor. For the reasons discussed above, the Court does not credit defenses related to the "settlement agreement" as potentially meritorious. Beyond this, however, the Sixth Circuit has taken an extremely permissive stance by holding that a defense is meritorious if "there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." Burrell v. Henderson, 434 F.3d 826, 834 (6th Cir. 2006) (citations omitted). Stated differently, a defense is meritorious if it is "good at law," regardless of whether the defense is actually likely to succeed on the merits. Williams v. Meyer, 346 F.3d 607, 614 (6th Cir. 2003). All that is needed is "a hint of a suggestion which, proven at trial, would constitute a complete defense." INVST Fin. Group v. Chem–Nuclear Sys., 815 F.2d 391, 399 (6th Cir. 1987) (internal quotation marks omitted). Under this extremely lenient analysis, Defendants have raised several potential defenses that do meet the Sixth Circuit's "hint of a suggestion" bar, including, but not limited to (a) whether Cunningham is a

5

"consumer" under the TCPA and (b) whether Defendants "made" or "initiated" the calls in question in violation of the TCPA. Accordingly, this factor favors setting aside the default.

In sum, this is a close call. One factor favors each party and one factor is relatively neutral. For the Court, the deciding factor must be the guidance provided by the Sixth Circuit. The Court of Appeals considers default to be a particularly harsh sanction, and has stated its approval of "a strong preference for trials on the merits." Shepard Claims, 796 F.2d at 193. Furthermore, the Sixth Circuit has observed that "it is not necessary that conduct be excusable to qualify for relief under the "good cause" standard of Rule 55(c)." Id. Here, the Court finds the conduct of Firefly, First Class, and Rebecca Nahom to have been, at least, careless and inexcusable. There is no question that the Defendants have wasted a significant amount of Cunningham's and the Court's time. However, on balance, the Court does not find this to be enough to overcome the presumption that they are entitled to consideration of their defenses on the merits.[3]

The Court also notes that the Defendants have – boldly – (1) sought attorney's fees pursuant to Paragraph 20 of the "settlement agreement" and (2) sought sanctions against Cunningham. (Doc. No. 49 at 16.) As to the former, as discussed above, Firefly, First Class, and Rebecca Nahom are not parties to the "settlement agreement" between Cunningham and Jeffrey Nahom and so have no standing to enforce its attorney's fees provision.[4] As to the latter, the Court finds absolutely no basis for sanctions against Cunningham. These requests will be denied.

---

[3] The Court does note that Defendants have now answered the Complaint (see below), so any meritorious defenses will need to be raised in an appropriate manner.

[4] The Court supposes that Jeffrey Nahom – who has been dismissed from this action – might separately try to recover attorney's fees from Cunningham concerning some past period of time, but the Court also notes that the settlement agreement contains a confidentiality provision that appears to prohibit Nahom's own past filing of the settlement agreement on the public docket of

Accordingly, the Motion to Set Aside Default (Doc. No. 50) is **GRANTED**. The Entries of Default against Firefly and First Class (Doc. No. 30) and Rebecca Nahom (Doc. No. 39) are **SET ASIDE**. The Motion to Review (Doc. No. 49) is **GRANTED IN PART** to the extent that the Report and Recommendation (Doc. No. 46) is **SET ASIDE** as it concerns default and damages. The Motion for Extension of Time to File Answer (Doc. No. 51) is **GRANTED** and the Answer at Doc. No. 53 is **DEEMED** timely filed. This case is **RETURNED** to the Magistrate Judge.[5] The Magistrate Judge shall hold the parties to strict time limits on any filings.[6]

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

this Court. (Doc. No. 19 at 25.) As this is not a breach of contract action between Cunningham and Nahom, the Court need not consider these issues further.

[5] Based on the prior Report and Recommendation, this matter is worth less than, at the most, $50,000 in damages. Before the parties engage in another year of litigation (or even another round of briefing), it is in everyone's best interests to attempt to reach a settlement.

[6] To be absolutely clear, Jeffrey Nahom has been dismissed from this litigation.