IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-02285 |
| ) | Judge Richardson/Frensley |
| FIRST CLASS VACATIONS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

### I. Introduction

The pro se Plaintiff, Craig Cunningham, brought this action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, alleging multiple violations of the TCPA via automated telephone calls placed to Mr. Cunningham's cell phone. Docket No. 12. Rebecca Nahom is one of the named Defendants in the suit, and Mr. Cunningham has made specific allegations against her. *Id.* at 4. Ms. Nahom has written a letter to the Court that the Court has construed as a Motion to Dismiss. Docket Nos. 82, 83. Mr. Cunningham has filed a Response in Opposition. Docket No. 85. For the reasons set forth below, the Court recommends that Ms. Nahom's Motion to Dismiss be DENIED.

### II. Law and Analysis

**A. Motions to Dismiss Under Fed. R. Civ. P. 12(b)**

The Federal Rules provide for several possible defenses that can be asserted by motion, and that commonly provide the bases for motions to dismiss. *See* Fed. R. Civ. P. 12(b). When ruling on a defendant's motion to dismiss, the court must "construe the complaint liberally in the

plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). The court should allow "a well-pleaded complaint [to] proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. However, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555. "'[A] legal conclusion couched as a factual allegation' need not be accepted as true on a motion to dismiss," *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citation omitted), and mere recitation of the elements of a cause of action "or an "unadorned, the-defendant-unlawfully-harmed-me accusation" will not do, *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. While the court must accept "as true all non-conclusory allegations in the complaint," *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009), it does not have to accept unsupported legal conclusions, *Iqbal*, 556 U.S. at 678.

"Pro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (internal quotation marks and citation omitted). Pro se litigants, however, are not exempt from the requirements of Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F. 2d 591, 594 (6th Cir. 1989). The Court is not required to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life. Ins. Co.*, 518 F. 2d 1167, 1169 (6th Cir. 1975); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks and citation omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"). To demand otherwise would require the "courts to explore exhaustively all

2

potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F. 2d 1274, 1278 (4th Cir. 1985).

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). The Supreme Court has clarified the *Twombly* standard, stating that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that pleads facts "'merely consistent with' defendant's liability . . . 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Id.*, *quoting Twombly*, 550 U.S. at 557 (internal brackets omitted).

**B. Mr. Cunningham's TCPA Claims and Ms. Nahom's Motion**

Mr. Cunningham's Amended Complaint alleges multiple breaches of the TCPA by Defendants. Docket No. 12. He has made specific factual allegations as grounds for his claimed entitlement to relief. *Id.* Specifically, he claims that beginning on April 8, 2016 and continuing thereafter on numerous occasions he received phone calls to his cellular telephone initiated using an automated telephone dialing system and prerecorded message. He asserts that the Defendants used a number of techniques in order to disguise their identity and induce him to accept their telephone calls, thinking they were local telephone numbers. *Id.* He asserts that the telephone calls violated the TCPA by placing multiple automated calls to his cell phone and failing to

3

maintain a Do Not Call List, train agents on the use of such a list, or provide identifying information related to the caller. *Id.*

Regarding Ms. Nahom specifically, the Amended Complaint claims that:

> The individual corporate officers Rebecca and Jeffrey Nahom of each of the corporate entities are liable for the calls placed on behalf or for their benefit. They are personally liable for the TCPA damages as they had direct, personal participation in causing the illegal telephone calls to be made as well as they directly authorized the illegal telemarketing calls to be made.

Docket No. 12, p. 4.

Construing the allegations in the light most favorable to Mr. Cunningham, the undersigned finds that he has pled enough facts to state a claim to relief that is plausible on its face. Although failure to state a claim upon which relief can be granted is not the only possible grounds for dismissal under Rule 12(b), Ms. Nahom's Motion does not provide information that would support any of the other enumerated defenses.

Ms. Nahom's Motion, in pertinent part, states as follows:

> My name is Rebecca Nahom. I am writing to the court in the above referenced matter to respectfully ask to have my name removed from the above lawsuit as I am a stay at home mom of 4 small children. I haven't worked for First Class Vacations Inc., since 2008. I had no involvement in running the business whatsoever. I realize that I am listed as a corporate officer with Firefly Travel, but the company is now inactive. In regards to First Class Vacations, I was never a corporate officer. I was a sales manager years ago when I worked there. I respectfully ask the court to please exclude me as I had no involvement with any decisions or management of First Class Vacations and Firefly Travel Corp.

Docket No. 82.

As can be seen, Ms. Nahom's Motion does not address the allegations against her individually or the Defendants as a group, except to assert that she has not worked for First Class

4

Vacations since 2008, and did not have a decision-making or management role with either of the two Defendant corporations. *Id.* While these are potential defenses that Ms. Nahom is entitled to raise, they are not among the defenses that would support a Motion to Dismiss. *See* Fed. R. Civ. P. 12(b).

### III. CONCLUSION

For the foregoing reasons, the undersigned recommends that Ms. Nahom's Motion to Dismiss (Docket No. 82) be DENIED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge