# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-02285 |
| | ) | Judge Richardson/Frensley |
| FIRST CLASS VACATIONS, INC., | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The pro se Plaintiff, Craig Cunningham, brought this case under the Telephone Consumer

Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, alleging multiple violations of the TCPA

from automated telephone calls placed to Mr. Cunningham's cell phone. Docket No. 12. This

matter has been characterized by an almost complete lack of participation by Defendants, whose

main action to date has been to appear on the final day to object to the Court's Report and

Recommendation (Docket No. 49), leading to that document being set aside (Docket No. 60).

The attorneys for the corporate Defendants, Firefly Travel Corp. ("Firefly) and First Class

Vacations, Inc. ("First Class") subsequently withdrew citing "financial considerations." Docket

No. 70. The Court warned Firefly and First Class that under the relevant rules, corporations

must be represented by attorneys and cannot be spoken for by individuals. Docket No. 73.

Nevertheless, attorneys have not appeared for either corporation, and the case is left with two

unrepresented corporate Defendants and one pro se Defendant, Rebecca Nahom. Ms. Nahom

recently wrote a letter to the Court, which the undersigned construed as a Motion to Dismiss and

recommended be denied. Docket Nos. 82, 83, 88.

Mr. Cunningham has filed a Motion entitled "Plaintiff's Motion For Default Against Rebecca Nahom, Jeff Nahom, Firefly Travel Corp[.], and First Class Vacations and Motion for Sanctions and that Admissions to be deemed admitted against all defendants and Motion to reinstate Default judgment of $49,500 and $510 in costs against all defendants." Docket No. 84. None of the Defendants have responded. In his Motion, Mr. Cunningham alleges further lack of participation by Defendants, including failure to respond to discovery requests that he sent to Defendants in June and August 2018. *Id.* at 2-3. The most recent Amended Case Management Order clearly states that "[t]he parties shall complete all written discovery and depose all fact witnesses by **September 28, 2018**. Discovery is not stayed during dispositive or other motions, unless ordered by the Court." Docket No. 68, p. 4.

Given the age of the case, the status of the proceedings, and Defendants' lack of participation throughout this litigation, the Court is considering imposing sanctions on Defendants as requested by Mr. Cunningham and pursuant to Fed. R. Civ. P. 37, which could include a judgment against Defendants for Mr. Cunningham. If Defendants wish to file a response to Mr. Cunningham's Motion, they must do so no later than January 3, 2019. Firefly and First Class are again reminded that they may only make court filings via the services of an attorney.

IT IS SO ORDERED.

Jeffery S. Frensley
United States Magistrate Judge

2