IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-02285 |
| ) | Judge Richardson/Frensley |
| FIRST CLASS VACATIONS, INC., ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

**I. BACKGROUND**

The pro se Plaintiff, Craig Cunningham, brought this case under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, alleging multiple violations of the TCPA from automated telephone calls placed to Mr. Cunningham's cell phone. Docket No. 12. As recently noted, this matter has been characterized by an almost complete lack of participation by Defendants. Docket No. 89. The attorneys for the corporate Defendants, Firefly Travel Corp. ("Firefly) and First Class Vacations, Inc. ("First Class") withdrew shortly following their initial appearance, citing "financial considerations." Docket No. 70. The Court warned Firefly and First Class that under the relevant rules, corporations must be represented by attorneys and cannot be spoken for by individuals. Docket No. 73. Nevertheless, attorneys have not appeared for either corporation, and the case is left with two unrepresented corporate Defendants and one pro se Defendant, Rebecca Nahom. Ms. Nahom filed a letter to the Court which was construed as a Motion to Dismiss and subsequently denied upon the recommendation of the undersigned. Docket Nos. 82, 83, 88, 89.

Mr. Cunningham has filed a Motion entitled "Plaintiff's Motion For Default Against Rebecca Nahom, Jeff Nahom, Firefly Travel Corp[.], and First Class Vacations and Motion for Sanctions and that Admissions to be deemed admitted against all defendants and Motion to reinstate Default judgment of $49,500 and $510 in costs against all defendants." Docket No. 84. None of the Defendants responded to the Motion. Mr. Cunningham alleges further lack of participation by Defendants, including failure to respond to discovery requests that he sent to Defendants in June and August 2018. *Id.* at 2-3. Among other remedies, Mr. Cunningham seeks "sanctions in the form of entry of default against the Defendants and a default judgment being awarded in the amount of $49,500." *Id.* at 2.

Despite the fact that the deadline for responding to Mr. Cunningham's Motion had passed with no word from Defendants, the Court gave Defendants additional time to file a response, setting January 3, 2019 as the new deadline. Docket No. 89. The Court specifically warned Defendants that "the Court is considering imposing sanctions on Defendants as requested by Mr. Cunningham and pursuant to Fed. R. Civ. P. 37, which could include a judgment against Defendants for Mr. Cunningham." *Id.* at 2. January 3 has passed, and Defendants have not responded.

## II. <u>ANALYSIS</u>

Rule 37 of the Federal Rules of Civil Procedure gives courts the authority to impose sanctions when parties fail to cooperate with a court order, including discovery orders and other orders under Rule 26(f), 35, or 37(a). Specifically, Rule 37(b)(2)(A)(vi) provides that these sanctions may include "rendering a default judgment against the disobedient party." Such an action is a severe sanction, and The Court of Appeals for the Sixth Circuit has stated that "[d]ismissal of an action for failure to cooperate in discovery is a sanction of last resort. . . ."

2

Case 3:16-cv-02285   Document 91   Filed 01/09/19   Page 2 of 5 PageID #: 461

*Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153 (6th Cir. 1988) (internal citation omitted). The Supreme Court has justified these harsh sanctions by acknowledging their value as both a specific and general deterrent:

> [A]s in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S. Ct. 2778 (1976).

The Sixth Circuit has articulated four factors that should be considered when evaluating a motion for default judgment under Rule 37: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less dramatic sanctions were imposed or considered before dismissal was ordered. *Regional Refuse*, 842 F.2d at 155.

"Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). Such conduct is that which is "perverse in resisting authority" and "stubbornly disobedient." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008), *quoting* Webster's Third New International Dictionary 497 (1986).

A review of Defendants' conduct in this matter reveals a record of delay and contumacious conduct, which has previously been documented by the Court. *See, e.g.*, Docket Nos. 46, 60, 89. Pursuant to Rule 26(f), this Court has ordered that "[t]he parties shall complete all written discovery and depose all fact witnesses by **September 28, 2018**." Docket No. 68, p. 4

(emphasis in original).  Defendants have ignored the Court's orders, failed to participate in discovery, and made almost no attempt to even participate in the litigation.  *Id.*  Despite multiple exhortations from the Court, this failure of cooperation and participation has been so flagrant that the undersigned finds it to be willful or demonstrating bad faith.

There is also no question that Mr. Cunningham has been prejudiced by Defendants' failure to cooperate, including Defendants' complete lack of response to his written discovery.  As the District Court has noted, "Cunningham has been seeking to clarify and pursue his claims, via many motions and filings, against Firefly, First Class, and Rebecca Nahom for over a year, and received a stony cold silence in return."  Docket No. 60, p. 5.  In addition, Defendants were specifically warned that "[g]iven the age of the case, the status of the proceedings, and Defendants' lack of participation throughout this litigation, the Court is considering imposing sanctions on Defendants as requested by Mr. Cunningham and pursuant to Fed. R. Civ. P. 37, which could include a judgment against Defendants for Mr. Cunningham."  Docket No. 89, p. 2.  This Court did consider imposing less dramatic sanctions before taking the step of recommending judgment for Mr. Cunningham and encouraged Defendants to respond to Mr. Cunningham's Motion, stating that such a response would be considered even though the deadline to respond had run.  *Id.*  In the absence of any such response, and with Defendants providing no information whatsoever about any reason for their lack of cooperation, the Court is unable to justify a less severe sanction.

### III. CONCLUSION

The undersigned therefore recommends that the Court find that Defendants' conduct and lack of cooperation is such that all four factors set forth by the Sixth Circuit have been met, and that the record demonstrates delay or contumacious conduct.  As a sanction, the undersigned

4

further recommends that the Court grant Mr. Cunningham's Motion (Docket No. 84) and impose default judgment in a total amount of $49,500, jointly and severally among Defendants First Class, Firefly, and Rebecca Nahom as described in the previous Report and Recommendation that assessed the merits of this action. Docket No. 46.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
JEFFERY S. FRENSLEY
United States Magistrate Judge

5

Case 3:16-cv-02285  Document 91  Filed 01/09/19  Page 5 of 5 PageID #: 464