IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:16-cv-2285 |
| | ) | |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| FIRST CLASS VACATIONS, INC., | ) | |
| et al. | ) | |
| | ) | |
| Defendant. | | |

## ORDER AND MEMORANDUM OPINION

Pending before the Court is Plaintiff's Emergency Ex-Parte Request for a Temporary Restraining Order (Doc. No. 92). Plaintiff's Motion is **DENIED.**

In determining whether to issue a Temporary Restraining Order ("TRO") pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Abney v. Amgen, Inc.*, 443 F.3d 540, 546 (6th Cir. 2006). When determining whether to issue a TRO, a threat of an immediate, irreparable harm must be present. Fed. R. Civ. P. 65(b)(1)(A) (requiring a court to examine, on application for a TRO, whether "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant").

Plaintiff asks the Court to enjoin Paypal, Inc., a non-party to this action, from paying out funds allegedly held in the name of Defendant First Class Vacations, Inc. "in order to secure Plaintiff's Judgment and prevent the dissipation of liquid cash." Doc. No. 92. Plaintiff has no

judgment in this action. Pending is a Report and Recommendation from the Magistrate Judge, recommending that the Court enter default judgment, against Defendants First Class Vacations, Inc., Firefly Travel Corporation, and Rebecca Nahom, jointly and severally, in a total amount of $49,5000. Doc. No. 91. The Report and Recommendation is simply that: a recommendation. The time for objections to the Report and Recommendation has not run, and the Court has neither accepted nor rejected the recommendation.

Plaintiff contends that Defendant First Class Vacations has on hand at Paypal liquid cash, in an account which Plaintiff claims was "frozen" as of October 8, 2018 for a period of "around ninety days." See Affidavit of Plaintiff (Doc. No. 93). Plaintiff fails to say how long the account had been "frozen" as of October 8, however, and thus fails to indicate even under his own version of events when the alleged freeze expired or will expire if in fact it were 90 days. Plaintiff asserts that "the funds may be paid out any day very soon." This assertion is mere speculation, as there is no evidence, given the dates asserted, that any "freeze" of this account has not already expired, or that the money has not already been paid, or that the money could be paid "any day very soon." Likewise, Plaintiff offers mere speculation (his "belie[f]") that there is still money—"at least $51,000"—in the account. Moreover, the assertion that Jeff Nahom is attempting to transfer assets of First Class Vacations to a new corporation is also speculative.

Plaintiff has not shown the immediate nature of the anticipated harm he alleges. As noted above, the Court must determine whether specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant. Here, there is no evidence of immediacy sufficient to carry the burden of proof for a TRO.

Furthermore, Plaintiff has failed to show irreparable harm. There is no evidence that Plaintiff would be unable to satisfy any judgment through other means or from other assets of

Defendants. Despite the alleged frustration of creditors and evasion of paying judgments Plaintiff predicts, there is nothing that entitles Plaintiff to injunctive relief—let alone immediate injunctive relief in the form of a TRO upon a non-party—to avoid frustration in collecting a judgment that has not yet even been entered. Plaintiff asserts that he may have to seek a remedy under a fraudulent conveyance or seek to recover funds from a new entity. That may be true. Plaintiff argues that "he is likely going to be chasing the ghost of liquid cash for months or years on end." That also may be true. However, none of these alleged circumstances entitles Plaintiff to a TRO.

Finally, the Court finds that the public interest is not served by entry of the TRO Plaintiff seeks. A TRO is an extraordinary remedy, and ruling upon a motion for a TRO requires a federal court to put aside other matters and take immediate action. If Plaintiff's alleged irreparable harm were considered sufficient to warrant a TRO, then every potential creditor fearing transfer of specific assets before he has a judgment would be able to satisfy the immediate and irreparable harm requirement for a TRO. This simply cannot be the case. The public interest is not served by allowing such interruptions to the functioning of the federal court under these circumstances.

For all these reasons, Plaintiff's Emergency Ex-Parte Request for a Temporary Restraining Order (Doc. No. 92) is **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE